UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| XUE BAO CHEN, | Case No. 2:12-cv-02163-MMD-PAL |
| Plaintiff, | SCREENING ORDER |
| v. | |
| WARDEN NEVEN, et al., | |
| Defendants. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed *in forma pauperis* (dkt. no. 1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court will defer ruling upon the application (dkt. no. 1). The Court has reviewed the complaint. Plaintiff will need to file an amended complaint.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require

"detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

In count I, plaintiff alleges that defendant Vidaurri beat him after a disagreement about a blanket. Plaintiff has stated a claim that defendant Vidaurri used excessive force.

In count II, plaintiff alleges that he informed his unidentified caseworker by a request form that he and his cellmate disliked each other. Plaintiff further alleges that after he sent his form, other inmates stole his property from his cell. Later, other inmates attacked him, causing, among other injuries, the loss of four teeth. Plaintiff has stated a claim that the unidentified caseworker was deliberately indifferent to a risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994). However, plaintiff has not named the caseworker as a defendant. Plaintiff will need to correct that defect in an amended complaint.

Plaintiff has named Warden Neven as a defendant. Defendant Neven is a supervisor. "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Plaintiff has not alleged any personal involvement or other connection by defendant Neven. Plaintiff will need to correct that defect in an amended complaint.

///

In addition to correcting the above-noted defects, plaintiff will need to re-allege count I in the amended complaint, or it will be waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

IT IS THEREFORE ORDERED that the Clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of count II and defendant Neven from this action.

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:12-cv-02163-MMD-PAL, above the word "AMENDED."

DATED THIS 25th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE