# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Xue Bao Chen,

    Plaintiff,

v.

Ruben Viduarri,

    Defendant.

Case No.: 2:12-cv-2163-JAD-PAL

**Order Granting Defendant's Motion for Summary Judgment [Doc. 40]**

Pro se plaintiff Xue Bao Chen, formerly incarcerated at Southern Desert Correctional Center, sues correctional officer Ruben Viduarri, alleging that Vidaurri violated his Eighth Amendment right to be free from excessive force and is liable to him under 42 U.S.C. § 1983. Doc. 13.[1] Viduarri moves for summary judgment, arguing, *inter alia*, that Chen failed to exhaust NDOC's administrative remedies prior to filing this lawsuit. Doc. 40. Finding no material dispute that Chen did not properly exhaust these remedies, I grant Vidaurri's motion and dismiss this case with prejudice.

## Background

NDOC's Inmate Grievance Procedure specifies that "Each institution/facility shall establish locked boxes where all inmates have access to submit their grievances directly to the box." Doc. 40-2 at 2. The procedure presupposes that an inmate will first attempt to informally resolve a grievable issue with his caseworker. *Id.* If unresolved, the inmate may then file an informal grievance, which is reviewed by the caseworker "with the aid of other Department staff." *Id.* "The inmate shall file an informal grievance within . . . six (6) months if the issue involves personal property damage or loss, personal injury, medical claims or any other tort claims, including civil rights claims." *Id.* at 6. For civil rights

---

[1] Chen's other claims were dismissed in the court's screening order and are not considered here. Doc. 12.

claims, "[f]ailure by the inmate to submit a proper Informal Grievance form . . . within the [six month period] shall constitute abandonment of the inmate's grievance at this, and all subsequent levels." *Id.*

If still unresolved, the grievance may be "elevated" to a first-level grievance, which the prison Warden must investigate. *Id.* at 7. "When an issue goes directly to the Warden (first level) for a decision such as disciplinary appeals . . . the inmate shall file an Informal Grievance form for tracking purposes." *Id.* The inmate must also "provide a signed, sworn declaration of facts that form the basis for a claim that the informal response is incorrect. . . . Any additional relevant documentation should be attached at this level." *Id.* "A First Level Grievance that does not comply with the procedural guidelines shall be returned to the inmate, unprocessed, with instructions using Form DOC-3098, if applicable, for proper filing via the caseworker." *Id.*

On June 15, 2011, Vidaurri and then-inmate Chen had an altercation regarding Vidaurri's alleged confiscation of Chen's blanket, for which Chen was ultimately found guilty of using abusive language and disobedience and spent 30 days in disciplinary segregation. Docs. 40-5 at 2, 10; 40-6 at 2. On June 22, 2011, then-inmate Chen filed a First Level Grievance no. 20062928481 on the blanket issue. Docs. 40-1 at 3; 40-3 at 4-5. On August 16, 2011, assistant warden Adam Watson provided Chen with a DOC-3098, indicating that Chen had submitted an improper grievance, in that "when submitted a 1st level grievance you must have your accepted Informal grievance and the response you received from the Informal grievance attached." Doc. 40-3 at 6. Chen's prison grievance records reflect no informal grievance or re-submission of his first level grievance as directed by Watson. Doc. 40-4 at 5.

**Discussion**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter

of law."[2]  When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[3]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts,"[4] she "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[5]  If reasonable minds could differ on the material facts at issue, summary judgment is not appropriate because the purpose of summary judgment is to avoid unnecessary trials when the facts are undisputed.[6]  A party seeking to either support or refute the assertion that a fact is genuinely in dispute must do so with admissible evidence.[7]

As a general matter, the trial court may not grant an summary judgment motion merely because it's unopposed; the court must consider whether the merits of the undisputed facts warrant granting the motion against the non-moving party.[8]  Where summary judgment is sought against a *pro se* defendant, the court considers all of that party's contentions offered in motions and pleadings if the information contained therein is made on personal knowledge, sets forth facts that would be admissible as evidence, and was made under

---

[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. Proc. 56(c)).

[3] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[4] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

[5] *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[6] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[7] Fed. R. Civ. Proc. 56(c)(1); *Orr*, 285 F.3d at 773.

[8] *See Heinemann v. Setterberg*, 731 F.3d 914, 917 (9th Cir. 2013).  In so doing, *Heinemann* explicitly stated that a local rule that not only allowed an unopposed fact to be "deemed admitted," but further "permit[ted] the court to deem a non-movant's failure to respond to a complete abandonment of its opposition to summary judgment" was "the practice that the 2010 amendments to Rule 56 sought to eliminate." *Id.*

penalty of perjury.[9] Additionally, a *pro se* defendant's filings and complaint are construed liberally.[10]

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions" by any prisoner "until such administrative remedies as are available are exhausted."[11] "There is no question that exhaustion is mandatory under the PLRA and [] unexhausted claims cannot be brought in court."[12] "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[13] Prisoners must "exhaust all 'available' remedies, not just those that meet federal standards."[14] This is true even when a prisoner seeks relief that "cannot be granted by the administrative process."[15] The purpose is two-fold: (1) to give agencies opportunities to self-correct and to discourage disregard of their own procedures, and (2) to promote efficiency because agency proceedings typically reach quicker, more economical resolutions than court proceedings.[16]

The Ninth Circuit recently explained in *Albino v. Baca* that "exhaustion is analogous to subject-matter jurisdiction, personal jurisdiction, venue, and abstention, in that all these matters are typically decided at the outset of the litigation," and an exhaustion challenge may

---

[9] *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (citation omitted).

[10] *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); *accord*, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

[11] 42 U.S.C. § 1997e(a).

[12] *Jones v. Block*, 549 U.S. 199, 211 (2007).

[13] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[14] *Id.* (citation omitted).

[15] *See id.* (citation omitted).

[16] *Nunez v. Duncan*, 591 F.3d 1217, 1223 (9th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)).

be raised in a motion for summary judgment.[17] When so raised, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy . . . . Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."[18]

Vidaurri's motion demonstrates that (1) Chen's first level grievance was faulty because it failed to include his informal grievance, (2) Chen was given notice of this failure, and (3) Chen never re-filed his grievance within the six-month period. Doc. 40 at 4-6.[19] To support these points, Vidaurri submits a properly authenticated Declaration from Elizabeth Walsh, Associate Warden of Programs, who indicates that the copies of the prison administrative regulations attached to the motion are true and correct. Doc. 40-1 at 2-3. Walsh also specifically attests to the authenticity of Chen's grievance forms and disciplinary history forms, as attached to the motion. *Id.* at 3-4. This demonstration shifted the burden to Chen to show that prison "remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile."[20] However, Chen's response to the motion offers no evidence at all, and his motion in opposition—while taking umbrage with his conviction

---

[17] *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). *Albino*, following *Jones*, also noted that "the defendant in a PLRA case must plead and prove nonexhaustion as an affirmative defense." *Id.* at 1171. Although Vidaurri never answered Chen's complaint before moving for summary judgment, under Rule 12(b)(1), a defendant may present a defense of lack of subject matter jurisdiction by motion. *Id.*

[18] *Albino*, 747 F.3d at 1172.

[19] After Vidaurri moved for summary judgment, Chen was provided with a *Klingele* notice, informing him that a motion for summary judgment had been filed and that should the court grant summary judgment, Chen's claims could be dismissed. Doc. 41 (citing, *e.g.*, *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988)). Chen was also advised of his obligation to oppose the motion with admissible evidence. Doc. 41.

[20] *Albino*, 747 F.3d at 1172 (quoting *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

process, the fact that English is not his first language,[21] and the merits of the incident itself—never suggests that he properly re-filed his prison grievance or that any particular circumstances prevented him from doing so.  *See* Doc. 42.

Defendant satisfied its burden of demonstrating there was an available administrative remedy for Chen's complaint and that Chen commenced—but failed to exhaust that process. Chen's failure to offer and evidence that the existing remedies were unavailable or his failure to exhaust those remedies was somehow excusable now compels me to enter summary judgment against him on his one remaining count.[22]

## Conclusion

Accordingly, it is HEREBY **ORDERED** that Defendant's Motion for Summary Judgment **[Doc. 40] is GRANTED**.  This action is dismissed for failure to exhaust, and the Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED: October 16, 2014

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[21] Notably, Chen's limited English language abilities did not prevent him from filing his first level grievance or from properly filing informal grievances later in his prison term.  Doc. 40-4 at 3.

[22] *Albino*, 747 F.3d at 1172.